## *In re* LOCKWOOD *et al.*

### *In re* VAN BEUREN'S WILL.

*(Supreme Court, General Term, First Department.* February 18, 1892.)

WILLS—CONFLICTING PROVISIONS—PAYMENT OF CHARGES OUT OF REAL ESTATE.
 A will making numerous bequests provided that out of the interest of the proceeds of real estate given to the executors in trust they should pay an annuity to testator's brother, and also legacy and succession taxes and expenses, so that each annuitant should receive the whole of the income from the principal, and disposed of the residuary estate after the death of testator's brother. By a codicil thereto the trustees were directed to devote certain sums to specific purposes, and to di-

vide and pay over the balance. *Held*, that it was error, on final settlement of the executors' accounts, to direct a part of the estate to be held for the purpose of paying such taxes and expenses of the legacies and the administration.

Appeal from surrogate's court, New York county.

Accounting of Luke A. Lockwood and Oliver B. Van Beuren, as executors and trustees under the will of Gerardus A. C. Van Beuren. John Van Beuren, one of the residuary legatees, appeals from a portion of the surrogate's decree directing the retention and investment of a portion of the residuary estate for the purpose of paying taxes and expenses. Reversed. For former report, see 13 N. Y. Supp. 261.

Argued before VAN BRUNT, P. J., and PATTERSON and O'BRIEN, JJ.

*A. S. & W. F. Cassedy*, for appellant. *John L. Hill*, for Luke A. Lockwood, executor and trustee. *Bullard & Shannon*, (*R. H. Shannon*, of counsel,) for Oliver B. Van Beuren, executor and trustee. *Michael J. Mulqueen*, special guardian, for Samuel D. Van Beuren, respondent.

VAN BRUNT, P. J. The only questions raised by this appeal are as to making legacies continuous charges upon a residuary estate, and as to the authority of the surrogate to direct the trustees named in the will in question to retain out of the residuary estate the sum of $15,000, and invest the same, and pay and apply the interest and income arising therefrom, and so much of the principal as might be necessary to the payment of all legacy and succession taxes, and all charges and expenses of certain legacies and the administration thereof. In the year 1889 one Gerardus A. C. Van Beuren died in the city of New York, leaving a last will and testament, dated March 26, 1878, and a codicil thereto, dated July 12, 1884. The will and codicil were duly admitted to probate, and upon the accounting of the executors the surrogate was requested to construe the sixth clause of the will. The testator, after numerous bequests, gave to his trustees two bonds and mortgages for $5,000 each, one made by Calkins and the other by Bacon, to receive the interest, pay the same, as it might accrue, to his sister-in-law, Rachel A. Van Beuren, during her widowhood, and on her marriage or death gave one of the bonds and mortgages to a niece Carrie, and the other to a niece Eliza. He also gave to his trustees a bond and mortgage of $5,000, and one of $3,000, made by Calkins, and a bond and mortgage of $2,000 made by Shaw in trust, to set apart and hold the same, receive the interest, and pay the same as it should accrue to his brother Samuel D. Van Beuren during his life, and at his death he gave the first two of said bonds and mortgages, amounting to $8,000, to one of his nieces, and the other bond and mortgage to a nephew.

The fifth and sixth clauses of the will are as follows: "*Fifth.* I give and bequeath unto the said trustees all the rest, residue, and remainder of the property and estate, both real and personal, of every description, and wherever situated, of which I may die seised or possessed, the real estate to be sold as soon as may be, in their discretion, either at public or private sale, as they may deem best for the interest of my estate, and, after paying my debts, funeral expenses, and small gifts hereinbefore named, to have and to hold the same in trust, to set apart, invest, and hold the proceeds thereof, to receive the interest thereon as it accrues, and pay over to my brother Simeon B. Van Beuren, of N. Y. city, during his natural life, the sum of six hundred dollars ($600) a year out of the interest so received, adding the balance of said interest to the main sum to accumulate. Upon the demise of my brother Simeon I give and bequeath to my nephew, John, provided he cancels a claim against me of four hundred and sixty-eight dollars ($468,) for brother Samuel's board, if it be not already paid, two thousand dollars, ($2,000;) to my cousin, William H. Van Vorst, one thousand dollars, ($1,000;) to my friend Luke A. Lockwood, for his fidelity to me, one thousand dollars, ($1,000;) to the St. Paul's Episcopal Society at Riverside, Conn., five hundred dollars, ($500;)

and the balance to my nephew, Theodore, and his heirs, to his and their own use and benefit forever. *Sixth.* All legacy and succession taxes and expenses which may be payable in respect of the bequests and devises in this will contained, I direct to be paid out of the interest from the proceeds of the real estate, so that each annuitant receive the whole of the income derived from the principal sum held in trust for his or her benefit. And, should any of the legacies herein lapse, the same shall be distributed among my surviving nephews and nieces, (excepting Theodore,) share and share alike. Those leaving lawful issue then surviving, such issue shall receive the share the parent would have taken if living." The seventh clause provides as to the time when annuities are to commence. The eighth clause is as follows: "*Eighth.* In case I should part with any of the securities herein bequeathed in trust, I direct my executors and trustees to supply the deficiency by investing out of the funds of my estate the necessary amount so lacking, and apply the amount so lacking, and apply the same to the fulfillment of such bequests, or substitute any other that I may have left, bearing not less than six per cent. interest, not otherwise disposed of. And in case any of them shall be paid off before the termination of the trust upon which they may be held, I direct that the trustees reinvest the proceeds thereof, and hold the same upon the same trusts upon which they hold those paid off, and in the same manner, and upon the same limitations, as if they had not been so changed."

This will was dated March 26, 1878. On the 12th of July, 1884, the testator made a codicil thereto, in which he ratified and confirmed his will, save so far as any part of it was inconsistent with the codicil, and such parts as were inconsistent were revoked; and, after having specially revoked some and changed other specific legacies contained in his will, the codicil proceeded as follows: "It is my will, and I now order and direct, that paragraph marked 'Fifth' of my said will be, and it is hereby, amended so as to read, and the same shall read, as follows: '*Fifth.* I give, devise, and bequeath to my trustees all the rest, residue, and remainder of my estate, real and personal, of every description, and wheresoever situated, of which I may die seised and possessed; the real estate to be sold as soon as may be, in their discretion, either at private or public sale, as they may deem for the best interest of my estate, in trust that, after paying my debts and funeral expenses, they pay the interest or income on a certain bond and mortgage for twelve thousand dollars, ($12,000,) made by William H. Van Vorst and wife, on the premises known as No. 156 Wooster St., N. Y., to my nephew Theodore Van Beuren (quarterly, if possible) during his natural life, and upon his individual receipt, and, upon the death of my said nephew Theodore, that they assign the said bond and mortgage, or the proceeds thereof, half to my nephew John and his heirs, and half to my nephew Oliver and his heirs. And that my trustees set apart and invest out of said residuary estate, or proceeds thereof, the sum of twelve thousand dollars, ($12,000,) and pay the interest or income thereof to my brother Simeon B. Van Beuren in quarterly payments during his natural life and upon his individual receipts; and upon his death they pay the said sum of twelve thousand dollars, ($12,000,) half thereof to my nephew John and his heirs, and half thereof to my nephew Oliver and his heirs. And that my trustees pay out of my said residuary estate, or the proceeds thereof, to cousin William H. Van Vorst one thousand dollars, ($1,000;) to my friend Luke A. Lockwood, for his fidelity to me, one thousand dollars, ($1,000;) to St. Paul's Episcopal Society, at Riverside, Conn., five hundred dollars, ($500;) to my cousin Schuyler Westervelt, of Spring Valley, Rockland Co., N. Y., one hundred, ($100;) and that they divide the remainder of my said residuary estate equally, and pay one-half thereof to my nephew John and his heirs, and the other half thereof to my nephew Oliver and his heirs.' And I hereby revoke all of said para-

graph fifth of my said will omitted from this paragraph in this, my codicil."
It is apparent, therefore, that the method of construction claimed by the
respondents—that the will should be construed as though the codicil were
incorporated therein and originally formed part thereof—cannot prevail, as
the codicil expressly declares that, where inconsistencies· arise, the codicil
is to prevail, and the will is *pro tanto* revoked. It is undoubtedly true
that the will and codicil should be so construed as to carry out the inten-
tion of the testator, and that they should be construed together; but, in case
of inconsistencies in the case at bar, the codicil must prevail.

Upon an examination of the will and codicil it will be seen that the intention
of the testator at the time of framing the will was very different from that
which existed at the time of executing the codicil. By the will there was to
be no distribution of the residuary estate until the death of the testator's
brother Simeon B. Van Beuren; whereas, by the codicil, the trustees, after ·
providing for certain trusts, are directed to pay over the balance therein
directed to certain legatees named. It is claimed by the respondents, and it
was so held by the learned surrogate, that by the sixth clause of the will the
testator intended that out of the residuary estate his executors and trustees
should pay all the expenses of administration of the various devises contained
in the will during the whole of their continuance, and it was to meet these
charges that the fund in question was set apart. The testator certainly says
that each annuitant shall receive the whole of the income derived from the
principal sum held in trust for his or her benefit, and it may possibly be that,
at the time of the making of the will, it may have been the intention of the
testator to charge upon the residuary estate the expenses of the administra-
tion of these trusts, as at that time the scheme of the testator was that his
residuary estate should not be divided and distributed at his death, but should
remain in the trustees' hands during the life of his brother Simeon. But
when he came to make his codicil the testator provided for the distribution
of what remained of his estate after providing for the legacies mentioned in the
will and codicil; and no suggestion is made in respect to the retention of any-
thing whatever, except the legacies held in trust. The direction of the testa-
tor is to take certain specific sums out of his residuary estate, and divide the
balance. If by the sixth clause of the will the testator originally intended
that the continuous expenses of administration of these legacies should be
paid out of the residuary estate, it seems to be clear that it was abandoned
when the codicil was framed, as such a scheme could not be carried out, and
the direction of the codicil to divide and pay obeyed. But the testator never
directed by the sixth clause that any part of his residuary estate should be
devoted to this object, and manifestly never contemplated such a thing. It
will be observed that by the sixth clause of the will these expenses were to be
paid out of the interest from the proceeds of the real estate. No part of the
principal was to be applied to this object. By the will the executors were to
hold and invest the proceeds of the estate during the life of Simeon, the
brother of the testator, and pay him a small sum out of the interest derived
therefrom, and accumulate the balance, and thus the executors had a fund of
interest to which the sixth clause could apply; but by the codicil the execu-
tors could hold only specific sums devoted to definite purposes, and are
directed to divide and pay over the balance, and therefore could not have
any proceeds of real estate in their hands the interest of which they could
apply to the payment of the expenses of the legacies,—a clear change of
purpose in the testator. This direction to divide in the codicil being incon-
sistent with the provisions of the sixth paragraph of the will, if the will
be thus construed, the provisions of the will must fall, as the codicil ex-
pressly declares. But we think that the sixth clause can be so construed as
to harmonize both will and codicil. It says all legacy and succession taxes
and expenses in respect to the legacies shall be paid out of the interest from

the proceeds of the real estate.    These words seem to relate only to the ordinary expenses of administration, and of taxation during administration. These were to be borne by the estate, but, after the estate was administered, then each of the legacies stood upon its own footing, and had no further relation to the residuary estate.    But it does not seem to us that the latter construction so well defines the intention of the testator as that first above referred to, viz., that the testator intended his residuary estate to be divided as soon as it could be administered upon, and hence, no matter what he had originally intended by his will, he desired to revoke so much as would interfere with this distribution.    It seems to us, therefore, that the portion of the decree appealed from should be reversed, with costs to the appellants and the executors and guardian *ad litem*, to be·paid out of the residuary estate.    All concur.